UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. KELSEY, <br><br> Plaintiff, <br><br> v. <br><br> LOANCARE LLC., *et al*, <br><br> Defendants. | Civil Action No. 22-6382 (JXN) (CLW) <br><br> **OPINION** |

**NEALS**, District Judge:

Currently before the Court is Plaintiff Michael Kelsey's Complaint [ECF No. 1] and application to proceed *in forma pauperis* ("IFP") [ECF No. 1-1]. Based on the information contained in Plaintiff's IFP application, the Court finds that leave to proceed in this Court without prepayment of fees is authorized, 28 U.S.C. § 1915, and will therefore order the Clerk of the Court to file Plaintiff's Complaint. As the Court grants Plaintiff's IFP application, the Complaint is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). The Court finds that Plaintiff's Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and will dismiss Plaintiff's Complaint without prejudice.

**I.    BACKGROUND**

Plaintiff initiated this action on October 31, 2022, against Loancare LLC, Newrez LLC, and Ditech Financial LLC. ECF No. 1 at 1.[1] In the Complaint, Plaintiff attempts to set forth causes of action for violation of Truth in Lending Act ("TILA"), Real Estate Settlement Procedures

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

1

Act, Fair Debt Collection Practices Act ("FDCPA"), and Consumer Fraud Act ("CFA"), among other causes of action. *See id.* at 2. As a result of Defendants' alleged actions, Plaintiff seeks $1,500,000 in damages, among other relief. *Id.* at 4.

## II.  LEGAL STANDARD

Once an IFP application has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) or dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995).

### III.   DISCUSSION

As stated above, Plaintiff attempts to assert causes of action for violation of TILA, Real Estate Settlement Procedures Act, FDCPA, and CFA, among other causes of action. Compl. at 2. As far as the Court can discern from the facts alleged in Plaintiff's Complaint, Defendants filed a foreclosure complaint against Plaintiff's property in East Hanover, New Jersey. *Id.* at 3. According to Plaintiff, Defendants lacked standing to foreclose on his property. *Id.* As relief for the purported violations of the foregoing causes of action, Plaintiff seeks $1,500,000 in damages and requests that the Court issue an order directing Defendants to withdraw the foreclosure complaint, among other relief. *Id.* at 4.

As styled, Plaintiff's Complaint must be dismissed. In fulfilling its obligation to screen complaints for *sua sponte* dismissal, the Court identifies two major deficiencies. First, the Court cannot discern what specific legal provisions Defendants allegedly violated, and the statutes at issue contain numerous rights of action and voluminous material. Plaintiff has not identified the provisions of the CFA, FDCPA (15 U.S.C. § 1692, *et seq.*), or TILA (15 U.S.C. §§ 1601–1667f) that Defendants allegedly violated. Without even a "formulaic recitation of the elements" of Plaintiff's causes of action, the Court cannot infer what misconduct to attribute to each Defendant.

Second, Plaintiff's factual "Statement of Claim" is devoid of sufficient detail to maintain an action against Defendants. As far as the Court understands, Defendants filed a foreclosure complaint against Plaintiff's property in East Hanover, New Jersey. Compl. at 3. Plaintiff believes that Defendants' actions were unlawful. But to state a plausible claim under any of the foregoing statutes, Plaintiff must say more about why Defendants' actions were unlawful, and how Plaintiff is entitled to relief. *See Fowler*, 578 F.3d at 210–11 (explaining the pleading standard and identifying how district courts evaluate a plaintiff's claims); Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "[a] short and plain statement of the claim *showing* that the pleader is entitled to relief") (emphasis added). Without additional clarity from Plaintiff, this Court cannot satisfy itself that this action is not, simply, frivolous. *See Neitzke*, 490 U.S. at 325 (explaining that a complaint is frivolous if it "lacks an arguable basis either in law or in fact").

## IV. CONCLUSION

For the reasons stated above, Plaintiff's IFP application is **GRANTED**, but the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may seek to file an amended complaint, remedying the deficiencies outlined above, within **twenty-one (21) days** of this Opinion and the corresponding Order. Additionally, should Plaintiff feel as though this Court has misconstrued his claims, he should clarify and specifically state his causes of action in an amended complaint. An appropriate Order shall issue on this date.

**Date:** April 26, 2023

    s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge