UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. KELSEY,<br><br>               Plaintiff,<br><br>v.<br><br>LOANCARE LLC and DITECH<br>FINANCIAL LLC *d/b/a* LOANCARE<br>LLC,<br><br>               Defendants. | Civil Action No. 22-6382 (JXN)(CF)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Defendants Loancare LLC ("Loancare") and Ditech Financial LLC's ("Ditech") (collectively, "Defendants") motion to dismiss *pro se* Plaintiff Michael J. Kelsey's ("Plaintiff") amended complaint under Federal Rules of Civil Procedure[1] 12(b)(1), 12(b)(6), and 9(b). (ECF No. 13.) Plaintiff opposed (ECF No. 19), and Defendants replied (ECF No. 20). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to dismiss (ECF No. 13) is **GRANTED**.

**I.     BACKGROUND**

In June 2018, Ditech filed a foreclosure action against Plaintiff in the New Jersey Superior Court. (Defs.' Ex. 3 ("Ditech Compl."),[2] ECF No. 13-5.) Ditech alleged Plaintiff took out a

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.
[2] Defendants attach copies of records from the state court foreclosure proceeding to their motion. (*See* Ditech Compl.; Defs.' Ex. 4 ("Pl.'s Answer & Countercl."), ECF No. 14; Defs.' Ex 5 ("Order Granting Summ. J."), ECF No. 13-7; Defs.' Ex. 6 ("Mot. to Substitute"), ECF No. 13-8; Defs.' Ex. 7 ("Order to Substitute"), ECF No. 13-9; Defs.' Ex. 8 ("Final J. of Foreclosure"), ECF No. 13-10.) In deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993)). The Court may also consider any "document *integral to or explicitly relied* upon in the

mortgage on his home with another company, the other company assigned the mortgage to Ditech, and Plaintiff defaulted. (*See id.* ¶¶ 1–7.) Plaintiff answered and filed a counterclaim. (*See* Pl.'s Countercl.) Plaintiff challenged Ditech's standing, his default, and the validity of the mortgage. (*See* Order Granting Summ. J. at 3–5.) Plaintiff also included counterclaims for negligence, fraud, unjust enrichment, predatory lending, and violations of the New Jersey Consumer Fraud Act ("NJCFA"), Fair Debt Collections Practices Act ("FDCPA"), and the Truth in Lending Act ("TILA"). (*Id.* at 5–8.)

Ditech moved for summary judgment, which the Superior Court granted in January 2019. (*See generally id.*) The judge found Ditech satisfied each element of foreclosure and rejected all Plaintiff's claims, concluding: Ditech had standing; Plaintiff defaulted; the mortgage was valid; Plaintiff failed to establish negligence, as he did not cite to any caselaw showing a mortgagee has a duty to a mortgagor; Plaintiff's fraud claim failed because he did not allege Ditech made a knowing misrepresentation; the interest rate on the mortgage did not support a predatory lending claim; Ditech did not unjustly retain mortgage payments Plaintiff made; the NJCFA claim failed because Plaintiff did not allege a connection between unlawful conduct and an ascertainable loss; the FDCPA claim failed because Ditech was not a debt collector; and Plaintiff failed to adequately allege a TILA violation. (*See id.* at 5–7.) Plaintiff also alleged a Real Estate Settlement Procedures Act ("RESPA") violation in his opposition to summary judgment. (*Id.* at 8.) The judge rejected the claim as a procedurally improper attempt to modify Plaintiff's answer. (*Id.*)

---

complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997)). Matters of public record include prior judicial proceedings. *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 364 (D.N.J. 2016). The Court, accordingly, relies on the state foreclosure proceeding records, "not for the facts contained therein, but only in order to establish the nature and scope of prior proceedings between the parties, and the rulings of the state court." *Farah v. Lasalle Bank Nat'l Ass'n*, No.15-2602, 2016 WL 1162644, at *5 (D.N.J. Mar. 23, 2016).

2

In June 2019, Ditech assigned the mortgage to Loancare. (*See* Mot. to Substitute.) Ditech then moved to substitute Loancare as plaintiff in July 2019, which the judge granted the following month. (*See* Mot. to Substitute; Order to Substitute.) And, in July 2022, the Superior Court entered a final judgment of foreclosure in favor of Loancare. (Final J. of Foreclosure.)

Plaintiff filed this action three months later again alleging Defendants lack standing to foreclose, breached their contract with Plaintiff, engaged in predatory lending, and violated the NJCFA, FDCPA, TILA, RESPA, and Consumer Financial Protection Bureau ("CFPB") regulations. (Compl. at 2–3, ECF No. 1.) Plaintiff also applied to proceed *in forma pauperis*. (IFP Appl., ECF No. 1-1.) After screening the complaint under the IFP statute, 28 U.S.C. § 1915, the Court dismissed the complaint without prejudice for failing to comply with Rule 8(a).

Plaintiff filed a considerably longer Amended Complaint (Am. Compl., ECF No. 5), which Defendants moved to dismiss under Rules 12(b)(1), 12(b)(6), and 9(b) (Mot. to Dismiss, ECF No. 13). Plaintiff opposed (ECF No. 19) and Defendants replied (ECF No. 20).

**II.     LEGAL STANDARD**

**A.     Rule 12(b)(1)**

"A party can move to dismiss for lack of subject matter jurisdiction at any time." *Bosco v. Compass Grp. USA, Inc.*, No. 22-6909, 2025 WL 1742657, at *2 (D.N.J. June 23, 2025). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir.2009)). A facial attack "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). In evaluating a facial attack, the Court construes the facts alleged in the complaint in a light most favorable to the non-moving party. *Id.* A factual

3

attack asserts "there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* In the case of a factual attack, the Court may look beyond the facts alleged in the pleading. *Id.*

### B.     Rule 12(b)(6)

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court conducts a three-step inquiry in evaluating a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

    A. **The *Rooker-Feldman* Doctrine Bars Plaintiff's Attack on the Foreclosure**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under the *Rooker-Feldman* doctrine, district courts lack jurisdiction to hear "cases brought by state-court [litigants] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("[District courts] do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) ("[N]o court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court] judgment . . . .").

The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in cases where " (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting *Saudi Basic*, 544 U.S. at 284). Whether a state court judgment injured the plaintiff is really an "inquiry into the source of the plaintiff's injury." *Id.* The injury must be "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* at 167 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)). "[W]hen the source of the injury is the defendant's actions (and not the state court

judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court." *Id.* "A useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id.*

Here, the state court entered a final judgment of foreclosure before Plaintiff brought the instant action. Plaintiff complains of the foreclosure itself as an injury, arguing it was wrongful and Defendants lacked standing to sue. Put differently, the "injury" of foreclosure did not exist before the state court entered a final judgment of foreclosure. Thus, to the extent Plaintiff argues the foreclosure is itself an injury, the state court caused it.

Plaintiff's claims that Defendants lack standing to foreclose and breached the loan agreement invite the Court to reconsider the state court's judgment, which "are in essence an attack on the state court judgment of foreclosure." *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013). Plaintiff argues Defendants could not foreclose on his house in the first place and seeks to pause foreclosure proceedings or rescind the mortgage. To accept Plaintiff's argument is to reverse the Superior Court's considered judgment. This Court lacks jurisdiction to do so. *Saudi Basic*, 544 U.S. at 284. Therefore, the Amended Complaint is **dismissed *with prejudice*** to the extent it seeks to challenge the Superior Court's judgment of foreclosure or the validity of the underlying mortgage.

### B.  Res Judicata Precludes the Remaining Claims

The *Rooker-Feldman* doctrine does not bar the remainder of Plaintiff's claims—particularly, those brought under the NJCFA, FDCPA, TILA, RESPA, and CFPB regulations—because they complain of injuries caused by Defendants' conduct with respect to the loan, not the state court's judgment. Those claims, however, are precluded by the doctrine of res judicata.

6

Res judicata "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). The party seeking to invoke res judicata must show "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (quoting *In re Mullarkey*, 536 F.3d at 225). The doctrine precludes those claims that a party brought or could have brought in the prior action. Here, Defendants meet all three requirements.

### i.   *There Was a Final Judgment*

The state court granted summary judgment for Ditech, dismissing all of Plaintiff's claims, including those brought under the NJCFA, FDCPA, TILA, and RESPA. "[S]ummary judgment is a final judgment on the merits for res judicata purposes." *Gupta v. Wipro Ltd.*, 749 F. App'x 94, 96 (3d Cir. 2018) (quoting *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973)).

### ii.   *This Case Involves the Same Parties*

This case involves Plaintiff and Ditech, both of whom were parties to the state foreclosure action. Ditech is also in privity with Loancare. Privity "is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata." *Lewis v. O'Donnell*, 674 F. App'x 234, 237 n.5 (3d Cir. 2017). Here, Loancare and Ditech have a contractual relationship—Ditech assigned the mortgage underlying the foreclosure action to Loancare.

### iii.   *Both Cases Involve the Same Causes of Action*

To determine whether two suits involve the same causes of action, courts analyze (1) "whether the acts complained of and the demand for relief are the same"; (2) "whether the theory of recovery is the same"; (3) "whether the witnesses and documents necessary at trial are the

same"; and (4) "whether the material facts alleged are the same." *Gupta*, 749 F. App'x at 96 (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)).

The causes of action in both cases are nearly identical. There and here, Plaintiff argued Defendants' conduct with respect to the mortgage violated the NJCFA, TILA, FDCPA, and RESPA. The theories of recovery are the same—that Defendants lied to Plaintiff about the mortgage. The evidence and material facts at trial would be the same. To the extent Plaintiff now argues the exact same conduct violated CFPB regulations, that claim, too, involves the same cause of action. Accordingly, the remainder of the claims in the Amended Complaint are also **dismissed with prejudice**. *See Fam. C.L. Union v. State*, 386 F. Supp. 3d 411, 441 (D.N.J. 2019) (dismissing claim with prejudice where it satisfied all three requirements for res judicata).

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 13) is **GRANTED**. The Amended Complaint (ECF No. 5) is **DISMISSED** *with prejudice*. An appropriate Order accompanies this Opinion.

**DATED:** 2/2/2026

HONORABLE JULIEN XAVIER NEALS
United States District Judge